PAYNE, J.,
dissenting:
¶ 25. I find the majority opinion internally inconsistent so I feel compelled to dissent. If the trial court was correct in finding that Pringle was not the daughter of the deceased, she was not entitled to inherit from him and that aspect should be affirmed. However, I would then find that since she is not proven to be his child, her services to his wife, Della, would be com-pensable since the presumption does not apply which states, “where services are rendered by one member of a family to another and they are such as are usually performed by persons in that relation, the presumption ordinarily arises that they are gratuitous.” Bryant v. Stringer, 18B So.2d 895, 899 (Miss.1966).
¶ 26. The language of the majority with which I take issue particularly is this: “Because this Court must assume that W.H. and Della were married, then Shannon would be considered a family member of W.H. Davidson by marriage.... ” If W.D. was not Pringle’s father, how could Della be a family member to whom Pringle would have any familial caregiving responsibility? This Court cannot have it both ways: (1) she is not the daughter so she cannot inherit; (2) she is, in effect, Della’s “stepdaughter” so she cannot be compensated for her services to her non-father’s wife.
¶27. The majority cites to the case of Kalavros v. Deposit Guaranty Bank & Trust Co., 248 Miss. 107, 158 So.2d 740 (1963), for authority concerning family relations. In Kalavros, the contract at issue was an implied contract to marry between Theo Grillis, the deceased, and Katherine Kalavros. The court found that any pre-marriage services Kalavros rendered to Grillis in her efforts to care for him were out of her love and affection for him, and she was. not due compensation for such gratuitous services. (Incidentally, Grillis died before he and Kalavros were ever married).
Without belaboring the thesis that there is a presumption of gratuity for mutual services growing out of a family relation existing between persons living in the same household (98 C.J.S. Work & Labor § 16, p. 740; 58 Am.Jur., Work and Labor, § 11, p. 519), we have reached the conclusion that the testimony shows that the services performed by appellant were not under a contract, expressed or implied, in which it was understood that Theo Grillis would pay Katherine Kalav-ros for her services, but that her services were gratuitous and rendered in furtherance of the plan of the parties to marry.
Kalavros, 158 So.2d at 745-46. I would not find this case necessarily applicable to the present case for the reasons I previously cited. The majority had not found any family relation between Pringle and the deceased; thus, the “love and affection” exception described in Kalavros would not be applicable, so as to preclude Pringle’s receiving compensation for the reasonable value of her services.
¶ 28. The reality of a contract for services to an elderly person in exchange for provision in a will is well known to our law. In Williams v. Mason, 556 So.2d 1045 (Miss.1990), Mason presented evidence indicating that in return for her moving in with and caring for Roosevelt Adams, the deceased, Adams agreed to leave his property to Mason at his death. This agreement was not in writing, thus it did not meet the statute of frauds requirement; however, the supreme court found the following principles relevant to provide Mason with a remedy:
[GJross unfairness may result where one acts in good faith and lives up to an oral agreement to provide services for another under circumstances such as today’s. *271 Our law has seen in such situations a potential for unjust enrichment, if not fraud. In recognition of these practical realities, the positive law of this state directs that a person, who provides services to another in good faith and in consequence of an oral agreement to devise property in exchange for the services, is not without enforceable rights. These rights arise not out of the agreement but the conduct of the parties. The promisee activates the rights the law affords by performing the services in good faith reliance on the promise. When the parties have so acted with respect one to the other, that is, when one has provided services for the other in reasonable reliance upon a promise to give consideration therefor, our cases are legion that, upon the death of the promisor, the promisee may recover of and from the estate on a quantum, me-ruit basis. In such cases the amount of recovery is limited to the monetary equivalent of the reasonable value of the services rendered to the decedent for which payment has not been received. Said sum becomes a charge against the assets of the estate.
Williams v. Mason, 556 So.2d 1045, 1049 (Miss.1990) (citations omitted). The fact that the caregiver performed her end of the bargain without compliance by the testator does not make those services absent or worthless. The caregiver may not be entitled to the estate under the will, but assets of the estate are available with which to compensate the caregiver for the reasonable value of the services rendered on the theory of quantum meruit. Id. To not compensate Pringle for her services rendered goes against the equitable principles described above which work to prevent the promisor from being unjustly enriched. For the reasons cited herein, I cannot agree with the majority opinion’s declination to award Pringle the reasonable value of those services she rendered to the deceased.
KING, P.J., joins this separate written opinion.